Asa Richards et al. v. Alexander Johnston.

*Damages to mill-owner from delaying logs.*

Damages for injury to a mill-owner by hindering him in June from getting logs down stream to supply his mill, include also the resulting injury of keeping his mill idle during later months.

Error to Lapeer. Submitted June 14–15. Decided June 22.

Trespass on the case. Defendants bring error. Affirmed.

*Moore & Bentley* and *W. W. & M. N. Stickney* for plaintiffs in error.

*Geer & Williams* for defendant in error.

GRAVES, J. The parties are mill-owners on the Flint river, Johnston being a short distance lower down than plaintiffs in error. It appears that the stream in the vicinity of the mills is not uniformly capable of floating logs when in its natural state during the summer months. In June, 1879, Johnston had a large quantity of mill logs in the river above Richards' mill which he needed to get down in season to supply the operations of his mill, and he attempted to take them down in the forepart of that month, but failed. He complains in this action that he was prevented by means of Richards' dam and canal and personal interference, and that he was thereby damaged and chiefly by his mill being forced to remain idle for the want of logs. He obtained a verdict for damages and Richards brought error.

Several objections appear in the record in regard to evidence. They required that the grounds relied on should be explained; but this was omitted and we cannot say they afford any basis for charging error.

On the argument it was conceded that Johnston was entitled to recover on account of the hindrance suffered in getting down logs in June; but it was claimed that the substantial objection to the verdict was that the circuit judge allowed recovery for hindrance during July and August, whereas during that period the use of the stream for running logs was excluded by want of water and hence that the condition of the river at that time did not permit a right of floatage nor give rise to any right in Johnston to complain of obstructions thereto on the part of Richards.

This position appears to be a misapprehension of the proceedings. There was evidence tending to show that Johnston would have run down all the logs in June had it not been for the interference of Richards, and the claim made was that the injury consisted, not in any interference with the use of the stream in July and August, but in the

enforced idleness of the mill in these months by reason of the detention of the logs by what occurred in June.

No requests in regard to damages were made; neither was the charge on that subject excepted to and we discover no ground on which a charge of error in relation thereto could be based. The jury were fairly instructed and there is nothing to authorize any disturbance of the result.

The judgment is affirmed with costs.

The other Justices concurred.